B. COHEN & SONS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97939.  Promulgated November 1, 1940.

*Sigmund H. Steinberg, Esq.*, for the petitioner.
*Paul E. Waring, Esq.*, for the respondent.

---

1140

OPINION.

MURDOCK: Section 112 (b) (5) of the Revenue Act of 1932 provided that no gain or loss should be recognized if property was transferred to a corporation solely in exchange for stock of the corporation and immediately after the exchange the transferor was in control of the corporation, but if there were two or more transferors, the paragraph was to apply only if the amount of stock received by each was substantially in proportion to his interest in the property prior to the exchange. Section 112 (c) (1) of that act provided that if an exchange would be within the provisions of (b) (5), save for the fact that money was received in addition to stock of the corporation, then the gain should be recognized, but in an amount not in excess of the money received. Section 113 (a) (8) provided for the retention of the old basis where (b) (5) applies. The Commissioner has apparently determined the petitioner's bases under those provisions, although it is not clear how he arrived at the total basis of $7,363.55. He has regarded the payment of the cash by Anne and Polish as a separate transaction. He erred in so doing. The word property used in section 112 (b) (5) includes money. *Halliburton* v. *Commissioner*, 78 Fed. (2d) 265; *Claude Neon Lights, Inc.*, 35 B. T. A. 424; *Cyrus S. Eaton*, 37 B. T. A. 715; *Columbia*

*Oil & Gas Co.*, 41 B. T. A. 38. Florence, Anne, and Polish transferred property to the petitioner in exchange for all of its stock. The transfer of property by Florence and the purchase of stock for cash by Anne and Polish were parts of a single plan. The control mentioned in the statute is determined at the completion of all of the inseparable steps in that plan. *Wilbur F. Burns*, 30 B. T. A. 163; affd., 85 Fed. (2d) 8; certiorari denied, 299 U. S. 592. Florence was not in control of the petitioner within the meaning of section 112 (b) (5).

However, Florence, Anne, and Polish, who transferred property to the petitioner in exchange for all of its stock, were in control of the petitioner immediately after the transfer. The respondent did not determine that the stock received by those three people was substantially in proportion to their interests in the property prior to the exchange and makes no such argument now. Furthermore, it is apparent that the value of the share of each transferor in the total assets before the exchange is not substantially in proportion to the amount of stock received by him. Cf. *Cyrus S. Eaton, supra; United Carbon Co.* v. *Commissioner*, 90 Fed. (2d) 43. The petitioner received $1,500 in cash and about $19,460 worth of assets and paid out $1,300 in cash, so that the net value of its assets was about $19,660. Florence, who contributed over 92 percent of that property, received only 75 percent of the stock, whereas Anne and Polish, who contributed less than 8 percent of the property, received 25 percent of the stock. Section 112 (b) (5) has no application whatsoever. It is not suggested that there is any other provision of the statute which would require the petitioner to take as its basis for the property transferred to it the same basis which the property had in the hands of Florence. The petitioner's basis is the cost of the property to it.

The petitioner paid for the property with 45 shares of its own stock and $1,300 in cash. Thus, the cost of those assets was $16,045 (45 shares, or 75 percent of its own stock, would be worth 75 percent of $19,660, the total value of its assets, or $14,745). A proper allocation of that cost under the facts of this case is as follows: To accounts receivable, $11,376.84; to merchandise, $4,207.87; to furniture and fixtures, $460.29.

The Commissioner did not make a determination of the fair market value of the assets at the time they were transferred to the petitioner. The evidence in the case shows clearly that Florence purchased those assets at much less than their true value. Witnesses, familiar with the value of accounts receivable and merchandise similar to these, testified that the accounts receivable upon which recent payments had been made were worth a large percentage of face value and the merchandise was worth from 90 to 100 percent of its cost. There

was no opinion evidence of the value of the furniture and fixtures. There is other evidence, however, which tends to show that the values of the accounts receivable and the merchandise were less than the percentages stated by the witnesses. Some of that evidence as, for example, the bankruptcy appraisal, is not entitled to much weight. The bankruptcy sale was rather inconclusive as to value. The circumstances of the formation of the petitioner in connection with which Florence turned in the assets for 45 shares, whereas $1,500 in cash was paid for the remaining 15 shares is not determinative. Cf. *Gillette Rubber Co.*, 31 B. T. A. 483. The business done by the store during the bankruptcy proceeding is also evidence. Nor may we overlook the fact that the exact amount of accounts receivable and merchandise transferred to the petitioner is not shown. We have endeavored to fix a value from all of the evidence, after giving due weight to the various kinds of evidence. Subsequent events give some corroboration to the values which we have determined. Others might fix the values differently, but we have determined values which we think the evidence warrants.

The legal fee is not deductible under section 23 (a) of the Revenue Act of 1932. The services were rendered in connection with the acquisition of title to the property. Such expenditures are capital expenditures and are not deductible from income. *Vernor* v. *United States*, 23 Fed. Supp. 532.

*Decision will be entered under Rule 50.*